IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., as an organization; LEAGUE OF WOMEN VOTERS OF GEORGIA, INC., as an organization; GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., as an organization; COMMON CAUSE; as an organization; LOWER MUSKOGEE CREEK TRIBE,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity of the Secretary of State for the State of Georgia, REBECCA N. SULLIVAN, DAVID J. WORLEY, MATTHEW MASHBURN, and ANH LE, in their official capacities as members of the State Election Board,<br><br>Defendant.<br>_____ | Civil Action<br>Case No. 1:21-cv-01259-JPB<br><br>PLAINTIFFS' RESPONSE TO REPUBLICAN PARTY INTERVENORS' MOTION TO INTERVENE<br><br>Judge: Hon. J.P. Boulee |

**PLAINTIFFS' RESPONSE TO REPUBLICAN PARTY INTERVENORS' MOTION TO INTERVENE**

Plaintiffs GEORGIA STATE CONFERENCE OF THE NAACP, as an organization; GEORGIA COALITION FOR THE PEOPLE'S AGENDA, INC., as an organization; LEAGUE OF WOMEN VOTERS OF GEORGIA, INC., as an organization; GALEO LATINO COMMUNITY DEVELOPMENT FUND, INC., as an organization; COMMON CAUSE, as an organization; and LOWER MUSKOGEE CREEK TRIBE (collectively, "Plaintiffs") file this memorandum in response to the motion to intervene of Proposed Intervenor-Defendants REPUBLICAN NATIONAL COMMITTEE, NATIONAL REPUBLICAN SENATORIAL COMMITTEE, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, and GEORGIA REPUBLICAN PARTY (collectively, "Republican Party Intervenors").

Under no circumstances are Republican Party Intervenors entitled to intervene as of right. As to permissive intervention, the Republican Party Intervenors concede in their motion (ECF No. 19-1 at 3 n.2) that Plaintiffs agreed to consent if the Republican Party Intervenors agreed to a litigation hold. Specifically, Plaintiffs requested that Republican Party Intervenors confirm that they will issue a litigation hold consistent with their obligations under the Federal Rules of Civil Procedure to preserve all documents, materials, electronic files and

communications in their possession, custody or control, as per Federal Rule of Civil Procedure 34(a)(1), that are relevant to the claims and defenses in this case.

The litigation hold requested by Plaintiffs is both reasonable and necessary in the event the Court exercises its discretion to permit the Republican Party Intervenors to join this litigation. In fact, the motion to intervene underscores the Republican Party Intervenors' link to the first count of Plaintiffs' complaint, *i.e.*, the facts developed through discovery may show that the Republican Party, acting in concert with the Georgia General Assembly and Governor Kemp, intentionally targeted Black voters and other voters of color in the enactment of SB 202, and this improper use of race to achieve partisan ends violates the Fourteenth and Fifteenth Amendments to the Constitution and the intent prong of Section 2 of the Voting Rights Act.

Among other issues, Plaintiffs expect to take discovery from the Republican Party Intervenors as to their communications pertaining to the enactment of SB 202. Discovery that is reasonably calculated to lead to the disclosure of evidence admissible and appropriate under the Federal Rules. If the Court permits the Republican Party Intervenors to intervene, the litigation hold requested by Plaintiffs is both necessary and appropriate to preserve this discoverable information.

Because the Republican Party Intervenors did not agree to the litigation hold, Plaintiffs do not consent to their permissive intervention, unless conditioned on implementation of the requested litigation hold.

## ARGUMENT

### I. The Republican Party Intervenors Are Not Entitled to Intervene as of Right.

In order to intervene as of right, a non-party bears the burden to show each of the following four elements: (1) their application is timely; (2) they have an "interest relating to the property or transaction which is the subject of the action"; (3) they are "so situated that disposition of the action, as a practical matter, may impede or impair [their] ability to protect that interest"; and (4) their interests will be "represented inadequately by the existing parties to the suit." *Stone v. First Union Corp.*, 371 F.3d 1305, 1308–09 (11th Cir. 2004) (quoting *Worlds v. Dep't of Health & Rehab. Servs.*, 929 F.2d 591, 593 (11th Cir. 1991)).

Here, the Republican Party Intervenors fail to satisfy three of these elements—they have not identified a legally-protectable interest warranting intervention, those interests that they do identify will not be impeded or impaired by this suit, and their asserted interests are already adequately represented by the existing defendants. As the failure to satisfy any one of these elements requires

denial of intervention as of right, the Court should deny the Republican Party Intervenors intervention as of right.

### A. The Republican Party Intervenors Fail to Identify a Legally Protectable Interest.

To have a protectable interest, the putative intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding." *Purcell v. BankAtlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). The interest must be "direct, substantial, [and] legally protectable," *id.*, and a generalized grievance is insufficient. *See Chiles v. Thornburgh*, 865 F.2d 1197, 1212–13 (11th Cir. 1989). The interest must be more than purely economic and cannot be speculative. *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005). Instead, "[w]hat is required is that the interest be one which the *substantive law* recognizes as belonging to or being owned by the applicant. Thus, a legally protectable interest is an interest that derives from a legal right." *Id.* (internal quotation marks and citation omitted) (emphasis in original).

Here, the Republican Party Intervenors first point to broad interests in fair and reliable elections and assert that they have a legally recognizable interest because they support candidates that will "actively seek election or reelection in contests governed by the challenged rules." (ECF No. 19-1 at 5–6 (asserting interests in "the integrity of the election process" and the "orderly administration"

of elections).)  However, all citizens and a broad array of organizations (including Plaintiffs and the existing defendants) likewise have an interest in fair elections. Similarly, most citizens and many organizations support various political candidates for elected office.  Interests in fair elections and supporting candidates are not owned by political parties—they are universal and could conceivably support the intervention of virtually any Georgian or organization that operates in Georgia.  Such generalized interests "will not support a claim for intervention of right." *Athens Lumber Co., Inc. v. Fed. Election Comm'n*, 690 F.2d 1364, 1366 (11th Cir. 1982).

Similarly, while Republican Party Intervenors assert that they have a legally recognizable interest in "conserving their resources" (ECF No. 19-1 at 2), such a purely economic interest cannot support intervention as of right.  *See, e.g.*, *Mt. Hawley Ins. Co.*, 425 F.3d at 1311–12 (affirming denial of intervention as of right where intervenor's interest was "purely economic").  And while Republican Party Intervenors claim that they have an interest in "demanding adherence" to the discriminatory and suppressive SB 202 (ECF No. 19-1 at 6), there is no legally recognizable interest in ensuring the existence of intentionally discriminatory

barriers to voting.[1]  *See Harris v. Pernsley*, 820 F.2d 592, 599, 601–02 (3d Cir. 1987) (concluding that alleged interest in perpetuating "unconstitutional conditions" was not a "legally protected interest" that could support intervention).

As the Republican Party Intervenors fail to identify a legally protected interest, their motion to intervene as of right should be denied.

> B. The Republican Party Intervenors' Purported Interests Will Not Be Impeded by this Proceeding.

The requirement that an intervenor's purported interests not be impeded is closely tied to the requirement that the interests in question be legally protected—mandatory intervention is only called for when a substantive interest is practically impaired or impeded.  *United States v. City of Jackson, Miss.*, 519 F.2d 1147, 1153 (5th Cir. 1975) (explaining how the interests that "must be impaired or impeded" must be "the substantive one" proposed intervenors assert); *Stone*, 371 F.3d at 1310 (requiring the impairment to be "practical").  Here, not only do Republican Party Intervenors fail to assert anything more than generalized interests in fair

---

1. While Republican Party Intervenors cite *Shays v. Fed. Election Comm'n*, 414 F.3d 76 (D.C. Cir. 2005) in support of the theory that they have a legally protected interest in defending discriminatory barriers to voting, *Shays* dealt with standing, not intervention. *Id.* at 83–102. Moreover, *Shays* dealt specifically with a plaintiff's standing to challenge a government rule, not—as here—an organization's interest in supplementing the government's role in defending the legality of such a rule.  *See id.* at 82.

elections (which, as discussed above, are insufficient to satisfy their burden), they also fail to explain how a ruling in Plaintiffs' favor will impede these purported interests. Instead, they make only vague assertions that enjoining SB 202 would make them "suffer" because it would "undercut democratically enacted laws" and force them to "spend substantial resources" to fight the supposed voter confusion and lack of confidence that would result therefrom. (ECF No. 19-1 at 7.) Such speculative and ambiguous theories fail to rise to the level of "practical" impairment needed to justify intervention as of right.

Moreover, the Republican Party Intervenors misrepresent the nature of this case. SB 202 was signed into law on March 25, 2021—mere weeks prior to the motion to intervene—and has never been applied. The Republican Party Intervenors do not even attempt to explain how enjoining a new, never-used law would cause voter confusion or undermine voter confidence. In fact, it is the enforcement of SB 202 that would cause such confusion and incentivize staying away from the polls, as citizens who had previously been able to vote freely would find themselves facing new and burdensome identification requirements, complicated changes to the process of applying for and returning absentee ballots, restrictions preventing them from voting when and how they previously voted, and a myriad of other constraints intentionally designed to suppress minority votes and

burden groups based on their race.  It is the interests of these voters—not the Republican Party Intervenors—that are at risk of being impaired.

As the Republican Party Intervenors fail to meet their burden to show that their substantial interests will be impaired or impeded, they are not entitled to intervene as of right.

### C. The Republican Party Intervenors Fail to Rebut the Presumption that Their Purported Interests Are Adequately Represented by the Existing Defendants.

In analyzing a motion for intervention as of right, courts "presume that a proposed intervenor's interest is adequately represented when an existing party pursues the same ultimate objective as the party seeking intervention." *Fed. Sav. & Loan Ins. Corp. v. Falls Chase Special Taxing Dist.*, 983 F.2d 211, 215 (11th Cir. 1993); *see also, e.g. Athens Lumber Co., Inc.*, 690 F.2d at 1366–67 (denying motion for intervention as of right where proposed intervenor and existing party both had interest in defending the constitutionality of a statute).  To overcome the presumption, the proposed intervenors must "present some evidence to the contrary." *Ston*e, 371 F.3d at 1311.  This required showing is heightened when the existing party is a government entity, as courts "presume that the government entity adequately represents the public, and . . . require the party seeking to intervene to make a strong showing of inadequate representation." *Burke v. Ocwen*

*Fin. Corp.*, 833 F. App'x 288, 293 (11th Cir. 2020) (quotation and citation omitted). And even if the proposed intervenors present evidence of inadequate representation, the court will then "return[] to the general rule that adequate representation exists '[1] if no collusion is shown between the representative and an opposing party, [2] if the representative does not have or represent an interest adverse to the proposed intervener, and [3] if the representative does not fail in fulfillment of his duty.'" *Stone*, 371 F.3d at 1311 (quoting *Clark v. Putnam Cnty.*, 168 F.3d 458, 461 (11th Cir. 1999)).

Here, the Republican Party Intervenors share the same goal as the existing defendants—to defend SB 202. (*See* ECF No. 19-1 at 6, 9 (admitting that they "seek to preserve" and "demand adherence" to SB 202)); O.C.G.A. § 21-2-31(2) (requiring the State Election Board to "formulate, adopt, and promulgate" rules and regulations that are "consistent with law"). While the Republican Party Intervenors therefore have the burden of presenting evidence showing that the existing defendants will not adequately represent their interests, are colluding with Plaintiffs, or intend to fail to defend SB 202, they have utterly failed to present any such evidence here.

Instead, the Republican Party Intervenors suggest that the existing defendants have different interests based on the cost of litigation, the political

10

divisiveness of the issue, and a desire to remain politically popular. (ECF No. 19-1 at 9). However, these all boil down to different litigation strategies: how much the existing defendants are willing to spend on litigation before considering settlement and whether they will pursue a scorched-earth or more moderate approach to this litigation. As the Eleventh Circuit and numerous other courts have recognized, such "divergence of tactics and litigation strategy is not tantamount to divergence over the ultimate objective of the suit" and is not sufficient to justify intervention as of right. *Gumm v. Jacobs*, 812 F. App'x 944, 947 (11th Cir. 2020) (quotation marks and citations omitted); *see also, e.g.*, *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003) ("Where parties share the same ultimate objective, differences in litigation strategy do not normally justify intervention."); *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 954 (9th Cir. 2009) ("[M]ere differences in litigation strategy are not enough to justify intervention as a matter of right.") (quotation marks and citation omitted; cleaned up). Similarly, speculation about issues such as when existing parties may choose to settle litigation or whether they may do so for political purposes is insufficient to overcome the presumption that a proposed intervenor's interests are not adequately represented by existing parties. *See Williams Island Synagogue, Inc. v. City of Aventura*, 222 F.R.D. 554, 556–57 (S.D. Fla. 2004); *Daggett v. Comm'n on Govt'l Ethics & Election Pracs.*, 172 F.3d

11

104, 112 (1st Cir. 1999) (holding that arguments that the Attorney General might compromise or decline to appeal a partial victory were not sufficient to merit intervention as of right by political candidates).

As numerous courts have found, where a government defendant's interests are substantially similar to those of a would-be intervenor in voting rights and election cases, the defendant's representation is adequate, and intervention is inappropriate. *See, e.g.*, *Gonzalez v. Ariz.*, 485 F.3d 1041, 1051–52 (9th Cir. 2007) (proponent of voter initiative that enacted law requiring proof of citizenship to vote could not intervene to defend the legality of the new law because the proposed intervenor failed to make the required "compelling showing" that the government-defendants "w[ould] not adequately represent their interests"); *One Wis. Institute, Inc. v. Nichol*, 310 F.R.D. 394, 398–99 (W.D. Wis. 2015) (Republican officeholders and candidates could not intervene because they shared "the same goal" as the Government Accountability Board in defending Wisconsin's voter ID law, and proposed intervenors failed to show the Board's defense was "negligent or undertaken in bad faith") (citation omitted); *Am. Ass'n of People with Disabilities v. Herrera*, 257 F.R.D. 236, 258–59 (D.N.M. 2008) (denying Republican entities' motions to intervene in voting rights case where party "d[id] not assert any protectable interest that the [Secretary of State was] not already

adequately protecting"). Because the Republican Party Intervenors share the same interests and ultimate objectives as the existing defendants, and because they have utterly failed to rebut the presumption of adequate representation, they are not entitled to intervene as of right.

## II. The Court Should Not Permit the Republican Party Intervenors to Intervene Unless Conditioned on Their Implementing a Litigation Hold.

As the Republican Party Intervenors concede, Plaintiffs offered to consent to the Republican Party Intervenors' permissive intervention if they agreed to a litigation hold. (ECF No. 19-1 at 3 n.2.) In reply, the Republican Party Intervenors asserted that they did not believe Plaintiffs were entitled to any discovery from them whatsoever and refused to implement a litigation hold consistent with the requirements of the Federal Rules of Civil Procedure. (*See* email from J. Greenbaum to C. Norris dated April 9, 2021 and related email chain ("Greenbaum Email," attached hereto as Exhibit A.) Having failed to reach any agreement to consent to the filing of their motion to intervene, the Republican Party Intervenors filed their present motion to intervene.

The fact that the Republican Party Intervenors apparently do not believe that they will be subject to discovery if permitted to intervene and refused to institute a litigation hold signals that they would add nothing but an additional layer of complication and delay to this case. Courts regularly deny permissive intervention

13

in such circumstances. *See, e.g.*, *Democracy N.C. v. N.C. State Bd. of Elections*, No. 1:20-cv-457-WO-JLW, ECF No. 48 at 6–7 (M.D.N.C. June 24, 2020) (denying intervention of Republican Party entities because intervention would result in "accumulating . . . arguments without assisting the court"); *Ansley v. Warren*, No. 1:16cv54, 2016 WL 3647979, at *3 (W.D.N.C. July 7, 2016) (citation omitted) (denying intervention by Republican state legislators because "allowing the Movants to intervene . . . would needlessly prolong and complicate this litigation, including discovery, and delay the final resolution of the case"); *Perry*, 587 F.3d at 955–56 (affirming district court's ruling that, if intervention were allowed, "each group would need to conduct discovery on substantially similar issues," and endorsing district court's finding that intervention "in all probability would consume additional time and resources of both the Court and the parties") (internal quotations omitted).

The Republican Party Intervenors incorrectly assert that Plaintiffs requested language regarding the litigation hold that "extend[s] beyond what the Federal Rules require."  (ECF No. 19-1 at 3 n.2.)  In fact, Plaintiffs requested only that the Republican Party Intervenors "inform[] in writing those persons who are their agents or representatives that they must preserve information and documents (as defined by the FRCP) which relate to the claims and defenses in this action."

14

(Greenbaum Email at 1.) The Republican Party Intervenors apparently believe that they do not have an obligation to ensure that relevant documents in possession of their agents or representatives are not destroyed. However, it is indisputable that Federal Rule of Civil Procedure 34(a) covers documents within a party's custody, or control, regardless of whether those documents might currently be in the hands of a third party. *See, e.g.*, *Moulder v. Tryco Int'l, Inc.*, No. 1:07-CV-2346-CAP, 2009 WL 10700888, at *7 (N.D. Ga. July 2, 2009) (ordering party to produce documents within its control even where documents were in possession of third party); *see also, e.g.*, *Haskins v. First Am. Title Ins. Co.*, No. 10-5044 (RMB/JS), 2012 WL 5183908, at *5 (D.N.J. Oct. 18, 2012) (requiring party to direct its agents to engage a litigation hold even though "it d[idn't] have physical possession of the documents"); *Bouve & Mohr, LLC v. Banks*, 618 S.E.2d 650, 654 (Ga. 2005) (affirming spoliation sanctions imposed on party for its agent's failure to preserve evidence in agent's custody).

In fact, the motion to intervene underscores the need for a litigation hold here, as the facts developed through discovery may show that the Republican Party Intervenors, acting in concert with Georgia General Assembly and Governor Kemp, intentionally targeted Black voters and other voters of color in the enactment of SB 202, and that that their improper use of race to achieve partisan

ends violates the Fourteenth and Fifteenth Amendments to the Constitution and the intent prong of Section 2 of the Voting Rights Act. Among other issues, Plaintiffs intend to take discovery from the Republican Party Intervenors as to their communications pertaining to the enactment of SB 202. As such discovery is reasonably calculated to lead to the disclosure of evidence admissible on Plaintiffs' intent claim and appropriate under the Federal Rules, the litigation hold requested by Plaintiffs is both necessary and appropriate.

The Court should therefore deny the Republican Party Intervenors permissive intervention, unless conditioned on their implementing the requested litigation hold.

## CONCLUSION

For these reasons, the Court should deny Republican Party Intervenors' motion to intervene as of right under Rule 24(a). Plaintiffs also request that the Court exercise its discretion to deny permissive intervention under Rule 24(b) unless conditioned on the Republican Party Intervenors implementing the requested litigation hold.

Respectfully submitted,

Dated: April 26, 2021

*/s/ Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan Sells, LLC
PO Box 5493
Atlanta, Georgia 31107
Tel: (404) 480-4212
Email: bryan@bryansellslaw.com

Jon Greenbaum*
Ezra D. Rosenberg*
Julie M. Houk*
jgreenbaum@lawyerscommittee.org
erosenberg@lawyerscommittee.org
jhouk@lawyerscommittee.org
Lawyers' Committee for Civil Rights Under
Law 1500 K Street NW, Suite 900
Washington, D.C. 20005
Telephone: (202) 662-8600
Facsimile: (202) 783-0857

Vilia Hayes*
Neil Oxford*
Gregory Farrell*
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004-1482
Telephone: (212) 837-6000
Facsimile: (212) 422-4726

*Admitted pro hac vice*

*Counsel for Plaintiffs*

## CERTIFICATE OF COMPLIANCE AND OF SERVICE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing PLAINTIFFS' RESPONSE TO REPUBLICAN PARTY INTERVENORS' MOTION TO INTERVENE has been prepared in Times New Roman 14, a font and type selection approved by the Court in L.R. 5.1(C), and that I provided notice and a copy of the foregoing using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

Respectfully submitted this 26th day of April, 2021.

>  */s/ Bryan L. Sells*
> Bryan L. Sells
> Georgia Bar No. 635562
> The Law Office of Bryan Sells, LLC.
> P.O. Box 5493
> Atlanta, GA 31107
> Tel: (404) 480-4212
> Email: bryan@bryansellslaw.com
>
> *Counsel for Plaintiffs*