## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| GEORGIA STATE CONFERENCE OF THE NAACP, et al., *Plaintiffs*, | |
| v. | No. 1:21-cv-1259-JPB |
| BRAD RAFFENSPERGER, in his official capacity of the Secretary of State for the State of Georgia, et al., *Defendants*, | |
| REPUBLICAN NATIONAL COMMITTEE; NATIONAL REPUBLICAN SENATORIAL COMMITTEE; NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE; and GEORGIA REPUBLICAN PARTY, INC., *Proposed Intervenor-Defendants.* | |

## REPLY IN SUPPORT OF
## MOTION TO INTERVENE

Plaintiffs say they would consent to permissive intervention if Movants issued a litigation hold for "all documents, materials, electronic files and communications in their possession, custody or control, as per Federal Rule of Civil Procedure 34(a)(1), that are relevant to the claims and defenses in this case." Opp. (Doc. 6-1) 2-3. As reflected in Plaintiffs' exhibit, Movants agreed to that exact condition. *See* Ex. A at 2 ("My clients thus agree to a litigation hold on all documents, materials, electronic files and communications relevant to the claims and defenses in this case."); *id.* at 1 ("Our clients will implement a hold consistent with their obligation under Rule 34(a)(1) to allow discovery of listed items within their possession, custody, or control."). More than agreeing to it, Movants *have* implemented litigation holds—and had done so before filing their motion to intervene. Plaintiffs' assertion that Movants "refused to implement a litigation hold consistent with the requirements of the Federal Rules of Civil Procedure" is not true and is contradicted by their own exhibit. Opp. 13.

Movants understand that documents in their "possession, custody, or control," Fed. R. Civ. P. 34(a)(1), can include documents in the possession of third parties. But Plaintiffs wanted Movants to make blanket representations about all relevant documents in the possession of any "agents," "consultants," or "representatives." Ex. A at 1-2. That's overbroad: The Federal Rules make Movants responsible only for third-party documents within their "control," meaning documents that Movants have "'the legal right to obtain … upon demand.'" *Siegmund v. Xuelian Bian*, 746 F. App'x 889, 891 (11th Cir. 2018) (quoting *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984)). Movants

1

thus agreed to follow the actual language of the Federal Rules—"possession, custody, or control"—and asked Plaintiffs to clarify whether they wanted Movants to go beyond this well-known standard. Ex. A at 1. Plaintiffs never answered. *See id.*

This semantic dispute is a moot point. Plaintiffs now agree that a litigation hold tracking the language of Rule 34(a)(1) is sufficient. *See* Opp. 2-3, 13. Because those holds are already in place, this Court should treat Plaintiffs as having consented to Movants' permissive intervention.

Plaintiffs' consent is noteworthy. When the parties "do not oppose intervention," courts treat that concession as proof that permissive intervention "will not unduly delay the proceedings or prejudice [the parties'] rights." *USAA Life Ins. Co. v. Doss*, 2016 WL 877843, at *2 (M.D. Fla. 2016); *U.S. Fire Ins. Co. v. Freedom Vill. of Sun City Ctr., Ltd.*, 2006 WL 1046946, at *4 (M.D. Fla. 2006); *see also Refac Int'l, Ltd. v. Alex Musical Instruments, Inc.*, 1989 WL 107241, at *1 (S.D.N.Y. 1989) (granting permissive intervention solely because the plaintiff "consents to such intervention"). Here, for example, Plaintiffs insist that Movants are "link[ed]" to the allegations in the complaint and will be the targets of "discovery." Opp. 3. Movants disagree that they have any discoverable information. But if Plaintiffs are going to treat Movants like parties anyway, then no one will be harmed if Movants *are* parties—both here and in the related cases.

As for Plaintiffs' objections to intervention as of right, *see* Opp. 4-13, Movants already addressed the same points in their reply in *New Georgia Project*

*v. Raffensperger*, Doc. 33, No. 1:21-cv-1229-JPB (N.D. Ga. Apr. 28, 2021). Movants will not belabor those arguments here. Movants would only point out that, when *Plaintiffs* seek to intervene as defendants, they acknowledge the correctness of the points that Movants raise here. *See, e.g.*, *Wood v. Raffensperger*, Doc. 22 at 12, 15, No. 1:20-cv-4651 (N.D. Ga. Nov. 18, 2020) (asserting a protectible interest in avoiding the need "to divert resources from other priorities to educate members" about changed voting laws); *id.* at 15 (arguing inadequate representation because "defendants who are elected officials and administer elections have divergent interests from intervening voters and voting rights organizations because they represent the interests of all voting citizens"); *Georgia v. Holder*, Doc. 5-1 at 6, No. 10-cv-1062 (D.D.C. July 7, 2010) (asserting a protectible interest in "'maintaining [Georgia's] election system'"); *id.* at 9 (arguing that the government was an inadequate representative because it "must represent the interests of its citizenry generally[—]including the interests of the plaintiff").

This Court should grant Movants' motion to intervene.

Dated: May 3, 2021                  Respectfully submitted,

                                    _/s/ Cameron T. Norris_____

John E. Hall, Jr. (GA Bar No. 319090)   Tyler R. Green (*pro hac vice*)
William Bradley Carver, Sr. (GA Bar     Cameron T. Norris (*pro hac vice*)
No. 115529)                             CONSOVOY MCCARTHY PLLC
W. Dowdy White (GA Bar No. 320879)      1600 Wilson Boulevard
HALL BOOTH SMITH, P.C.                   Suite 700
191 Peachtree Street NE                 Arlington, VA 22209
Suite 2900                              (703) 243-9423
Atlanta, GA 30303                       tyler@consovoymccarthy.com
(404) 954-6967                          cam@consovoymccarthy.com

*Counsel for Proposed Intervenor-Defendants*

4

**CERTIFICATE OF SERVICE AND CERTIFICATE
OF COMPLIANCE WITH LOCAL RULE 5.1**

This reply was prepared in Century Schoolbook, 13-point type—one of the font and point selections approved in Local Rule 5.1(C). I certify that I electronically filed this reply with the Clerk of Court using CM/ECF, which will electronically notify all counsel of record.

Dated: May 3, 2021                    */s/ Cameron T. Norris*