UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE GEORGIA SENATE BILL 202 | MASTER CASE NO. 1:21-mi-55555-JPB |
| SIXTH DISTRICT OF THE AFRICAN METHODIST EPISCOPAL CHURCH, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN KEMP, *Governor of the State of Georgia, in his official capacity,* et al.,<br><br>Defendants,<br><br>REPUBLICAN NATIONAL COMMITTEE, et al.,<br><br>Intervenor-Defendants. | CIVIL ACTION NO. 1:21-cv-01284-JPB |
| GEORGIA STATE CONFERENCE OF THE NAACP, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>BRAD RAFFENSPERGER, *in his official capacity as the Secretary of State for the State of Georgia,* et al.,<br><br>Defendants, | CIVIL ACTION NO. 1:21-cv-01259-JPB |

| | |
|---|---|
| REPUBLICAN NATIONAL COMMITTEE, et al.,<br><br>Intervenor-Defendants. | |

## ORDER FOR ADDITIONAL BRIEFING

This matter is before the Court on Plaintiffs'[1] Renewed Motion for a Preliminary Injunction [Doc. 988]. In the motion, Plaintiffs ask the Court for an order enjoining Defendants[2] from enforcing—during the 2026 elections and until any final relief is granted—the provisions of O.C.G.A. § 21-2-414(a) that "impose criminal penalties on those who 'give, offer to give, or participate in the giving' of items including food and drink, to an elector '[w]ithin 25 feet of any voter standing in line to vote at any polling place.'" Id. at 2.

[1] Plaintiffs include the Sixth District of the AME Church; Georgia Muslim Voter Project; Women Watch Afrika; Latino Community Fund Georgia; Delta Sigma Theta Sorority, Inc.; The Arc of the United States; Georgia ADAPT; Georgia Advocacy Office; Georgia State Conference of the NAACP; Georgia Coalition for the People's Agenda, Inc.; League of Women Voters of Georgia, Inc.; GALEO Latino Community Development Fund, Inc.; Common Cause; and Lower Muskogee Creek Tribe.

[2] Defendants are named on the docket and include Brian Kemp, Governor of the State of Georgia, in his official capacity; Brad Raffensperger, Secretary of State of Georgia, in his official capacity; and individual members of the Georgia State Elections Board, in their official capacities. Defendants also consist of the boards of elections and registration (as well as members of those boards) from the following counties: Bibb, Chatham, Clarke, Clayton, Cobb, Columbia, DeKalb, Fulton, Gwinnett, Hall and Richmond.

Article III of the Constitution limits the subject matter jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. To satisfy this case and controversy requirement, litigants must have standing. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). Standing is a threshold question in every case. CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006). The standing doctrine requires a plaintiff to show that he: (1) suffered an injury-in-fact (2) that is fairly traceable to the challenged conduct of the defendant and (3) that is likely to be redressed by a favorable judicial decision. Lujan, 504 U.S. at 560–61. "These three elements 'are not mere pleading requirements but rather an indispensable part of the plaintiff's case.'" Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections, 36 F.4th 1100, 1113 (11th Cir. 2022) (quoting Lujan, 504 U.S. at 561). Importantly, each element of standing must be supported with "the manner and degree of evidence required at the successive stages of litigation." Jacobson v. Fla. Sec'y of State, 974 F.3d 1236, 1245 (11th Cir. 2020).

The Court recognizes that neither party meaningfully addressed the standing requirements in their briefs pertaining to Plaintiffs' Second Renewed Motion for a

Preliminary Injunction.[3] However, "a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Greater Birmingham Ministries v. Sec'y of State for State of Ala., 992 F.3d 1299, 1316 (11th Cir. 2021). Here, the Court is concerned with whether Plaintiffs have met their burden to show traceability and redressability, especially in light of the decision from the Eleventh Circuit Court of Appeals in Coalition for Good Governance v. Secretary of State for the State of Georgia. No. 25-11347, 2026 WL 172950, at *4 (11th Cir. Jan. 22, 2026) (holding that the plaintiffs failed to show traceability and redressability where the plaintiffs "could still be susceptible to criminal prosecution by nonparties").

"When traceability and redressability are at stake, the key questions are who caused the injury and how it can be remedied." City of S. Miami v. Governor, 65 F.4th 631, 640 (11th Cir. 2023). For traceability, the Eleventh Circuit has held that "[t]he injury must be 'fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court.'" Ga. Ass'n of Latino Elected Offs., 36 F.4th at 1115–16 (quoting Lujan, 504 U.S. at 560–61). Stated another way, traceability requires that the injury must

[3] The Court also acknowledges that this Court previously entered an injunction in this matter. At the time that injunction was issued, however, two prosecutors (*i.e.*, individuals who could plainly enforce the criminal provision) were named as defendants.

have been caused by the defendant's actions. Finn v. Cobb Cnty. Bd. of Elections & Registration, 682 F. Supp. 3d 1331, 1339 (N.D. Ga. 2023). Redressability is a closely related concept. To show redressability, "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision'" of the court. Lujan, 504 U.S. at 561 (quoting Simon v. E. Ky. Welfare Rts. Org., 426 U.S. 26, 38 (1976)).

In this case, Plaintiffs seek an order from this Court enjoining Defendants from enforcing a criminal law. Without naming any prosecutors, however, it is not clear from the record how an injunction against Defendants would afford Plaintiffs relief. Notably, under Eleventh Circuit law, "federal courts have no authority to erase a duly enacted law from the statute books." Jacobson, 974 F.3d at 1255. Moreover, courts cannot bind those "who are not parties" to this action. Id. at 1254. Indeed, nonparties remain lawfully entitled to act in accordance with the law "unless and until they are made parties to a judicial proceeding that determines otherwise." Id. To summarize, courts may only "enjoin executive officials from taking steps to enforce a statute" when those "officials who enforce the challenged statute are properly made parties to a suit." Id.

Plaintiffs shall file a brief addressing standing no later than May 29, 2026. Defendants shall file their response brief no later than June 2, 2026. Plaintiffs' reply shall be filed no later than June 4, 2026.

**SO ORDERED** this 26th day of May, 2026.

**J. P. BOULEE**
United States District Judge